IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARLON J. MICHAELS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-1224-NJR |
| | ) |
| ANGELA M. LOCKE, KRISTINA L. HEMRICH, THOMAS AUSTIN, ROBERT L. OSBORNE JR., SHERRY BENTON, and ROB JEFFREYS, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Carlon J. Michaels, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Shawnee Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Vandalia Correctional Center. In the Complaint, Michaels alleges defendants punished him for refusing to take a routine Covid-19 test.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Michaels makes the following allegations: While housed at Vandalia in December 2021, Michaels refused to participate in routine testing for Covid-19. Specifically, on December 13, 2021, he was informed that he had to take a Covid-19 test but refused because he was vaccinated and had the right to refuse a medical procedure (*Id.* at p. 5). In response, he was taken to segregation and charged with disobeying a direct order essential to the health and safety of the institution. Warden Thomas Austin came to segregation and threatened Michaels with a transfer. He ultimately received seven days of C grade (*Id.*). Warden Angela Locke approved the discipline.

On December 16, 2021, Michaels was again told by an officer that he needed to take a Covid-19 test. When he refused, he was written another ticket and received 14 days C and B grade (*Id.*). After he was released, he was kept separate from other inmates. Robert L. Osborne Jr., Kristina L. Hemrich, and Angela Locke approved the discipline (*Id.*). He received another ticket on December 21, 2021, and again on December 24, 2021, for refusing a Covid-19 test (*Id.* at pp. 5-6). Michaels alleges that it was his medical right to refuse the test and he was improperly punished with the loss of phone privileges, his job, and school. He was eventually transferred from Vandalia. He tried to speak to Locke about his issues with the testing and his punishment, but she was not polite and informed him that he would get tickets if he continued to refuse routine testing (*Id.* at p. 6). Michaels does not feel comfortable testing twice a week but upon his transfer to Graham he began testing to avoid being punished.

## Discussion

Simply put, it is not clear what type of claim Michaels seeks to raise against Defendants. He alleges he has a right to refuse testing and it was improper to punish him simply for refusing testing. He attempts to bring claims against the officials who approved his discipline. But to the extent that he is raising a procedural due process claim regarding his discipline, he does not have a liberty interest in the punishment he received, time in B and C grade. *Thomas v. Ramos*, 130 F.3d 754, 762 n. 8 (7th Cir. 1997). He also alleges he was punished for exercising his rights but there is no indication that he is raising a First Amendment retaliation claim.

Finally, to the extent that Michaels might be trying to raise a substantiative due process claim, he also fails to state a claim. He does allege that he was asserting his medical rights and was punished (Doc. 1, p. 6). In order to state a substantive due process claim, a plaintiff must allege that "the government violated a fundamental right or liberty".... and "that violation must have been arbitrary and irrational." *Campos v. Cook County*, 932 F.3d 972, 975 (7th Cir. 2019). But substantive due process protects individuals from only "the most egregious and outrageous government action." *Id.* Requirements to wear masks and be tested "are not constitutionally problematic." *Klaassen v. Trustees of Indiana University*, 7 F.4th 592, 593 (7th Cir. 2021). Thus, Michaels has not alleged a viable substantive due process claim. *See DeGroot v. Evers*, Case No. 21-cv-123-wmc, 2022 WL 843853, at *3 (W.D. Wis. March 22, 2022) (dismissing substantive due process claim brought by inmate required to test and mask because such preventative measures, in light of the ongoing public health crisis, is neither egregious nor outrageous).

Accordingly, the Court finds that Michaels has not stated a viable constitutional claim. The Court **DISMISSES** his Complaint without prejudice. To the extent that Michaels could possibly state a claim, he will be given the opportunity to amend his Complaint. If he chooses to do so, Michaels must comply with the instructions and deadlines set forth below. In his Amended Complaint, he should also identify the constitutional claim he seeks to bring against defendants.

## Pending Motions

As to Michaels's motion for counsel (Doc. 3), he states he is a high school graduate and does not currently have an attorney appointed by the Court (*Id*. at pp. 1-2). He does not state if he has tried to contact any attorneys asking for representation, nor has he provided any copies of the letters declining to take his case. Thus, his motion is **DENIED** because he fails to demonstrate that he made reasonable attempts to obtain counsel on his own. Should he choose to move for recruitment of counsel at a later date, the Court directs Michaels to (1) contact at least **three** attorneys regarding representation *in this case* prior to filing another motion, (2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation. Michaels should also include in his motion a specific statement as to why he believes recruitment of counsel is necessary in his case.

## Disposition

For the reasons stated above, Michaels's Complaint is **DISMISSED without prejudice**. He is **GRANTED** leave to file a "First Amended Complaint" on or before **January 10, 2023**. Should he fail to file his First Amended Complaint within the allotted

time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Michaels's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Michaels must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Michaels is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Michaels is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply

with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** December 13, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**